G., C. & S. F. R'y Co. v. J. F. WILHELM.

(No. 6946.)

APPEAL from Runnels County. Opinion by DAVIDSON, J.

J. W. TERRY, counsel for appellant.

No counsel appeared for appellee.

§ 243. *Common carrier; duty of to provide food and water for live-stock in transit; damages; allegations of held sufficient.* This suit was brought by appellee against appellant to recover damages to a shipment of sheep from Ballinger, Texas, to the city of Chicago, in the state of Illinois. The first amended petition alleges that appellee shipped over appellant's line of railway, and connecting lines, one thousand six hundred and ninety-eight head of sheep to Chicago; that by reason of the default, carelessness and gross negligence of defendant thirty-one of said sheep died during their transit; that each of said thirty-one sheep would have been of the value of $3.80 at the time that they should have been delivered at said

Chicago, and were of that value at the time of their death, and in the aggregate of the value of $117.80; that the remaining portion of said one thousand six hundred and ninety-eight sheep, to wit, one thousand six hundred and sixty-seven, by reason of the default, carelessness and gross negligence of defendant, as aforesaid, were delivered in bad condition to the consignees at Chicago, on the 22d of September, 1887, and were greatly damaged, had lost in weight, were broken down, and in a dilapidated and sick condition, and were each damaged in the sum of fifty cents, and that the total damage on said sixteen hundred and sixty seven sheep, at said time and place last aforesaid, was $833.50; that, by reason of the premises, plaintiff has been damaged in the sum of $951.30, and interest thereon at eight per cent. per annum from said 22d day of September, A. D. 1887." Appellant excepted to this statement of the matter of damages, his exception was overruled, and he assigns the ruling as error. The petition alleged also that the sheep were not fed and watered as they should have been; that they were confined without food and water for thirty-six hours at one time, and at other times for long and unreasonable periods.

Under the rule laid down by the courts, the allegations as to damages are sufficient. "In order to arrive at and estimate the damages which the plaintiff might be entitled to recover, it was necessary to know the value of the sheep lost, and the depreciation in value of those injured. These were material issuable matters, which could not be proved unless alleged, and which had to be alleged and proved to entitle the plaintiff to a recovery." [Railway Co. v. Wilhelm, 3 Civil Cas. Ct. App., § 458.] It will be seen that the petition alleges the value of the sheep lost, or rather that died in the cars of appellant, and the depreciation in value of the sheep injured. This is sufficient, and will admit proof of the loss and value of the sheep, as well as the deprecia-

tion in value of those that were injured, and not lost. It was not necessary to allege the place or places on the road from Ballinger to Chicago where the appellant failed to feed and water the sheep, or where it should have fed and watered the sheep as contended for by appellant. If these were necessary allegations, then the shipper would be required to prove the same, and the shipper's right to recover his damage would not depend so much upon the merits of his case as upon his knowledge of the location and number of feeding stations along the routes and line of railway over which his stock were conveyed or to be conveyed. The location of feeding and watering stations, for the purpose of feeding and watering live-stock that might be transported over lines of railway companies, is a fact peculiarly within the knowledge of the railway companies and owners of transporting lines, and is not a matter to be pleaded by the shipper in bringing his suit for damages that may have occurred thereon for the failure and negligence of said roads, and employees thereof, to properly feed and water the stock shipped or carried over said roads. It is never necessary to plead any matter not necessary to be proved.

It is the duty of the railway companies to provide suitable places for feeding and watering live-stock transported over their lines; and, if this is not done, they are responsible for any loss entailed or that occurs from such neglect and failure. The carrier is primarily bound to provide food and water for stock shipped over its line of railroad. [Railroad Co. v. Adams, 42 Ill. 474; Railway Co. v. Thompson, 71 Ill. 434; Dunn v. Railway Co., 68 Mo. 268; Harris v. Railroad Co., 20 N. Y. 232; Cragin v. Railroad Co., 51 N. Y. 61.] In Missouri it is held that a railroad company which transports live-stock ought not only to have proper facilities and machinery for unloading the stock shipped over the company's line of road whenever, in the course of transit, it may be necessary

to unload them for exercise and refreshment, but also that it is the company's duty to unload, feed and water them at their journey's end, as well as along the route, if there be delay in delivering them to the consignee, in order to discharge the carrier from liability, if the health or necessities of the animals require this to be done. [Dunn v. Railway Co., 68 Mo. 268.] Where damage occurs to live-stock in transit on account of the negligence of the railroad company, the rule in this state is that the carrier cannot, even by contract, relieve itself from liability for such negligence of itself or of its employees. [Railway Co. v. Maddox, 75 Tex. 300.] In his able brief appellant's counsel assigns no reason why the petition should allege the matters complained of as being omitted. The only authority cited is to the effect that every material issuable matter should be pleaded. This is true. But why the "place or places on the road from Ballinger to Chicago where defendant failed to feed or water the sheep" should be alleged is not made to appear, nor is it shown how a failure to designate such places would or could be an issuable matter in this case. We see no reason why such an allegation should have been made. It was the duty of the road to provide such places, and responsibility would attach to it if the places were not provided, and damage resulted therefrom because of such failure, and it would be immaterial as to such places or their location. If the carrier discharged its duty in the matter of feeding and watering the stock, as should be done, the "place or places" where this occurred or did not occur would be wholly immaterial. It might with as much plausibility demand an allegation that the petition state the name of the engineer or conductor of each train or line over which the stock is carried. We have not been able to see the force of this point.

April 29, 1891.                                    Affirmed.